IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY E. RAGER <u>et al.</u>, | : | |
| Plaintiffs | : | Civil Action No. 1:08-cv-1482 |
| | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| Defendant | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendant General Electric Company's request for the production of documents. (Doc. No. 63.) Plaintiffs oppose Defendant's request. (Doc. No. 64.) For the reasons that follow, the Court will deny Defendant's request.

**I.   BACKGROUND**

On October 18, 2010, Defendant filed a request for the production of documents pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (Doc. No. 63 at 2.) Specifically, Defendant seeks production of an e-mail sent by Plaintiffs' counsel to an expert. Plaintiffs objected to the production of the e-mail on the basis of the work product privilege. (Doc. No. 64 at 1.) On November 4, 2010, Plaintiffs presented the e-mail in question to the Court for <u>in camera</u> review.

**II.   DISCUSSION**

According to Plaintiffs, the e-mail at issue contains instructions and strategy regarding investigation of the fire at issue in the litigation and therefore is core work product that is shielded from discovery. (<u>Id.</u>) Defendant contends that it is entitled to production of the e-mail for two reasons. First, Defendant argues that Federal Rule of Civil Procedure 26(a)(2)(B) requires disclosure of core work product provided to a testifying expert if the expert considers

1

and relies on the materials in forming his opinion. (Doc. No. 63 at 2.) Second, Defendant maintains that any privilege was waived when Plaintiffs' counsel shared his instructions with the expert for the expert's consideration. (Id. at 3.)

In 1993, Rule 26 was amended to add section (a)(2)(B). Krisa v. Equitable Life Assurance Society, 196 F.R.D. 254, 258 (M.D. Pa. 2000). Rule 26(a)(2)(B) requires that an expert's report must contain "the facts or data considered by the expert in forming" his opinion. Fed. R. Civ. P. 26(a)(2)(B)(ii). The Advisory Committee Notes to the 1993 Amendment explains that:

> The report is to disclose the data and other information considered by the expert and any other exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amend., Subdivision(a), Paragraph (2). In Krisa, Judge Vanaskie examined the effect of this amendment and stated that "[s]everal courts have held that the 1993 Amendments to Rule 26(a)(2) were 'designed to mandate full disclosure of those materials reviewed by an expert witness, regardless of whether they constitute opinion work product.'" 196 F.R.D. at 258-59 (citing Karn v. Ingersoll-Rand Co., 168 F.R.D. 633, 637 (N.D. Ind. 1996)). In reviewing Third Circuit precedent, including Bognosian v. Gulf Oil Corp., 738 F.2d 587 (3d Cir. 1994), Judge Vanaskie noted that the Third Circuit "has liberally construed the protections afforded counsel's mental impressions and strategies." Krisa, 196 F.R.D. at 259. Judge Vanaskie proceeded to reject a "'bright-line' rule in favor of mandating production of

attorney work product," and held that "disclosure of core work product to a testifying expert does not abrogate the protection accorded such information." Id. at 260. Similarly, in St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co., 2006 WL 1670281 at *2, No. 1:cv-04-1593 (M.D. Pa. June 15, 2006), Judge Caldwell reviewed the Third Circuit's decisions in Bognosian and In re Cendant Corp. Securities Litigation, 343 F.3d 658 (3d Cir. 2003. Based on this precedent, Judge Caldwell held that "core attorney work product cannot be discovered under Rule 26 even if it is disclosed to an expert."

Defendant relies on Doe v. Luzerne Cnty., 2008 WL 2518131, No. 3:04-1637 (M.D. Pa. June 19, 2008). In Doe, the defendants sought production of two documents relied on by the plaintiffs' expert. 2008 WL 2518131 at *1. The plaintiff's expert had specifically cited to the documents in his expert report. Id. Citing Krisa and St. Mary's, the plaintiffs argued that the two documents were not discoverable because they were protected by the work product doctrine. Id. at *2. Judge Mannion distinguished the plaintiffs' case from that of Krisa and St. Mary's, explaining that in those cases, the documents "were merely disclosed to an expert. Here the documents were not only disclosed, but considered and relied upon by the expert." Id. Because the expert witness "considered, relied upon and cited to the document in writing his expert report," the plaintiffs were ordered to produce the documents. Id. at *4.

The Court finds that the present case is distinguishable from Doe and is akin to the facts of Krisa and St. Mary's. Having reviewed the e-mail in question, it is clear that it contains the "mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation" and thus constitutes core attorney work product. Fed. R. Civ. P. 26(b)(3)(B). Further, it is evident that the e-mail does not contain information that Plaintiffs' expert would

3

rely upon or cite to in his expert report. In light of prevailing Third Circuit case law and this district's finding that "the disclosure of core work product to a testifying expert does not abrogate the protection accorded such information," Krisa, 196 F.R.D. at 260, Plaintiffs will not be required to produce the e-mail in question.

**ACCORDINGLY**, on this 22nd day of December 2010, **IT IS HEREBY ORDERED THAT** Defendant's request for the production of documents (Doc. No. 63) is **DENIED**.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania